Mr. Bobby Norman, Director Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, AR 71701
Dear Mr. Norman:
This is in response to your request for an opinion concerning juvenile probation and intake officers and firearms training. You state that, after the passage of Act 550 of 1985 (now codified at A.C.A. §§ 9-27-201—206), the Arkansas Law Enforcement Training Academy ("Academy") assumed the responsibility for training juvenile probation and intake officers. The Academy, along with the Juvenile Advisory Commission appointed by Governor Clinton, adopted a basic training course for the officers. You state that this basic course does not include any firearms training for the juvenile officers because, as you understood, the juvenile officers were not authorized to carry firearms during their normal work days. While the basic course has been updated as more recent legislation has been passed, there still is no firearms training for juvenile officers.
Along with your request, you have provided a copy of a March 25, 1991 court order of a Circuit/Chancery Judge in the Sixteenth Judicial District, which you state you have recently received. This order authorizes juvenile probation and intake officers in that district to carry firearms in the performance of their official duties, provided the officers complete "qualification training requirements" supervised by certified firearms instructors of the Academy. Your questions are set out below and answered in the order posed.
 1. [Do] juvenile probation and intake officers have authority to carry firearms during the performance of their duties under the current codes defining their authority and responsibilities?
 2. Does [the] court order mandate that the Arkansas Law Enforcement Training Academy is responsible for providing firearms qualification training for the juvenile probation and intake officers in the Sixteenth Judicial District?
For the following reasons, it is my opinion that the answer to both of your questions is "no."
Law enforcement officers acting in the course and scope of their duties are authorized by statute to carry weapons. See A.C.A. §5-73-119 -120 (Cum. Supp. 1991). A law enforcement officer is defined at A.C.A. § 12-9-102(1) (Cum. Supp. 1991) as "any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people." Seealso A.C.A. § 9-27-303(21) (1987). In my opinion, juvenile probation and intake officers do not meet the definition of "law enforcement officers" and, accordingly, are not authorized to carry firearms.
Arkansas Code Annotated §§ 16-13-326—330 (Cum. Supp. 1991) provides for at least one juvenile probation officer and at least one juvenile intake officer in each juvenile division, and provides that they shall serve at the pleasure of the judge of the juvenile division, and that they shall be certified according to the laws of the state. Section 9-27-308 (1987) states with regard to the duties of juvenile probation and intake officers that:
 (a)(2)(A) [A juvenile] intake officer shall have the following duties:
 (i) To receive and investigate complaints and charges that a juvenile is delinquent or dependent-neglected, or that a family is in need of services;
 (ii) To make appropriate referrals to other public or private agencies of the community if their assistance appears to be needed or desired;
 (iii) To perform all other functions assigned to him by this subchapter, by rules promulgated pursuant thereto, or by order of the court.
* * *
 (b)(2) A [juvenile] probation officer shall have the following duties:
 (A) To make appropriate investigations and reports when required to do so by any provision of this subchapter or the rules promulgated pursuant thereto or by order of the court;
 (B) To aid and counsel juveniles and their families when required to do so by order of the court;
 (C) To perform all other appropriate functions assigned to him by this subchapter or the rules promulgated pursuant thereto or by order of the juvenile court;
 (D) To give appropriate aid and assistance to the court when requested to do so by the judge.
These provisions indicate that juvenile probation and intake officers have no statutory authority to prevent and detect crime, or to enforce the criminal, traffic or highway laws of the state. Accordingly, they would not, in my opinion fall within the statutory definition of law enforcement officers pursuant to §12-9-102(1) and are therefore not authorized to carry firearms.[1]
With regard to your second question, the order does not, on its face, mandate that the Academy is responsible for providing firearms training for juvenile probation and intake officers. Rather, the order appears only to authorize such juvenile officers to carry firearms should they receive appropriate training therefor. Currently, however, the Academy is, in my opinion, neither obligated nor authorized to offer such training.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
[1] See, however, A.C.A. § 16-93-103 (1987) with regard to the authority of certified probation officers of circuit or municipal court to carry firearms.